*E-FILED - 6/29/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HUNT,         ) | No. C 08-4976 RMW (PR) |
|                    ) | |
| Petitioner,    ) | ORDER GRANTING MOTION |
|                    ) | TO DISMISS |
| v.              ) | |
|                    ) | |
| B. CURRY, Warden,  ) | |
|                    ) | |
| Respondent.    ) | |
|                    ) | |

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole.

    In 1984, a Los Angeles County Superior Court jury found petitioner guilty of second degree murder. Petitioner was sentenced to 15-years to life. Petitioner appeared before the Board, which denied his parole on August 29, 2007. Petitioner filed a state habeas petition in superior court challenging the denial of his parole. The superior court denied petitioner's petition on February 26, 2008. The California Court of Appeal also denied his petition on April 11, 2008. The California Supreme court denied his petition in November 2008. Petitioner thereafter filed the instant petition.

    Since then, respondent has filed a motion to dismiss the case as moot because petitioner

1  was released on parole on February 4, 2010.  Where a prisoner seeks release on parole and does
2  not challenge the validity of his conviction, his habeas petition becomes moot once he is released
3  on parole.  See Fendler v United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988); see
4  also Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir. 2005) (finding habeas petition still
5  moot after petitioner violated parole and was reincarcerated); Reimers v Oregon, 863 F.2d 630,
6  632 (9th Cir. 1988) (a moot action is one in which the parties lack a legally cognizable interest in
7  the outcome).

8      Here, petitioner claims that the Board's 2005 denial of parole violated his right to due
9  process because it relied on his immutable commitment offense, which was committed on May
10  22, 1983.  Because petitioner has now been released on parole, does not challenge his
11  conviction, and is subject to a lifetime parole term, see Boyd v. Salazar, 2009 WL 2252507
12  (C.D. Cal. July 28, 2009) (citing In re Chaudhary, 172 Cal. App. 4th 32, 34 (2009)); Irons v.
13  Sisto, 2009 WL 2171084, at *3 (E.D. Cal. July 20, 2009) (same), he lacks a cognizable interest
14  in the outcome of this action.  See Reimers, 863 F.2d at 632.  That the relief he seeks may result
15  in the possible earlier termination of parole supervision does not circumvent mootness.  See
16  Fendler, 846 F.2d at 555 (rejecting claim of exception to mootness by federal prisoner who could
17  seek review of his eligibility for early termination of parole by applying to the parole
18  commission).

19      For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254
20  is DISMISSED as moot.  The clerk shall enter judgment in accordance with this order and close
21  the file.

22      IT IS SO ORDERED.
23  DATED:  6/29/10
                                    RONALD M. WHYTE
24                                      United States District Judge